# McNiell, Supt. *v.* Sparkman, Treas.

## *Mandamus.*

(Decided December 18, 1913. 63 South. 977.)

1. *Constitutional Law; Delegation of Legislative Authority; School Superintendent.*—Section 1711, Code 1907, as amended by General Acts 1911, p. 326, is not a delegation of that constitutional and prerogative power which is peculiarly that of the legislature, and hence, is not violative of the Constitution in that aspect.

2. *Statutes; Local Laws; Regulation of Public Offices.*—Section 1711, Code 1907, as amended by General Laws 1911, p. 326, does not violate either section 96 or section 104, subdivision 24, of the Constitution of 1901, since the act is general and not local, and the power delegated was not a non-delegable power.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Mandamus by P. M. McNiell as County Superintendent of Education, against John W. Sparkman as County Treasurer of School Funds. From a judgment denying the writ, petitioner appeals. Affirmed.

STALLINGS, NESMITH, HUNT & JUDGE, for appellant. If the act of 1911, p. 326, amending section 1711, Code 1907, is constitutional, it was without application to Jefferson county because of an act approved February 22, 1887, providing for the office and salary of county superintendent of Jefferson county. The section and act, however, are violative of sections 96 and 104, subdivision 24, Constitution 1901.

A. G. & E. D. SMITH, for appellee. The act of 1911, amending section 1711, is not an unlawful delegation of the legislative power to the boards of education in the various counties.—*Ward v. State ex rel. Parker*, 154 Ala. 227. That the local acts applying to Jefferson county were not repealed by the Acts of 1911 above referred to, counsel cite the following authorities.—*Albes v. So. Ry.*, 164 Ala. 356; *Lemay v. Walker*, 62 Ala. 39; *Elson v. State*, 134 Ala. 50; *Ogburn v. Ogburn*, 60 Ala. 616; *Barker v. Bell*, 46 Ala. 216; *State v. May*, 49 Ala. 376; 30 Atl. 812; 28 S. W. 296; 116 N. W. 4; 59 Atl. 478; 44 Pac. 857. The act does not violate section 96 of the Constitution.

SAYRE, J.—Appellant and appellee are, respectively, county superintendent of education and county treasurer of school funds of Jefferson county. Section 1711 of the Code of 1907 provided that, for their compensation, county superintendents of education should

receive 4 per cent. on all state public moneys legally disbursed by them, not to exceed the sum of $1,800 for any calendar year. April 8, 1911, the Legislature passed an act providing as follows (Gen. Acts 1911, p. 326, § 2):

"Each county superintendent shall receive four per centum on all state public money legally disbursed in his county not to exceed the sum of eighteen hundred dollars for any calendar year: Provided, if the county board of education of any county should, by a majority vote of the board, require the full time of the county superintendent in the discharge of the duties of his office, the said county board shall fix his compensation on a salary basis instead of a per centum on disbursements as otherwise provided in this section, and said salary shall be fixed at a sum not less than one thousand dollars per annum, payable in twelve equal monthly payments in the same manner and out of the same moneys as other teachers are paid, his name being placed on the pay roll with other teachers."

The county board of education of Jefferson county have adopted a resolution requiring the county superintendent to give his entire time to the duties of his office and have fixed his salary at $5,000 per annum, and now the superintendent seeks by the writ of mandamus to require the treasurer of the school fund to pay him the sum of $1,800 earned by him under the provision of section 1711 of the Code; his theory being that the act of April 8, 1911, quoted above, is unconstitutional and void because it delegates legislative power to the county boards of education, and because it conflicts with section 96 of the Constitution which provides that "the Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances

of public officers," and is an effort to evade subsection 24 of section 104 of the Constitution, inhibiting the Legislature to pass any special, private, or local law "creating, increasing, or decreasing fees, percentages, or allowances of public officers."

We are of opinion that, by the enactment of the law in question, the Legislature has not delegated any part of that constitutional and prerogative power which is peculiarly its own; it has not delegated any power strictly and exclusively legislative. It has committed to the discretion of the representative county board certain matters of detail in the administration of the educational system in the county. Such delegations of an administrative power and authority which the Legislature might itself exercise are common and necessary in our scheme of government, and we do not find that the act in question transcends in this respect any limit set by the Constitution to the power of the Legislature. This conclusion is supported by both the prevailing and the dissenting opinions in *Whaley v. State,* 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499.

The conclusion stated above and the frame of the statute refute the contention that the act is a local law or evades the constitutional inhibition against local laws creating, increasing, or decreasing the fees, percentages, or allowances of public officers. In terms the statute is general and applies to all the counties of the state. It empowers the board of education in each county of the state to fix the compensation of superintendents "on a salary basis instead of a percentage on disbursements." This is no evasion of the Constitution. The constitutional inhibition of local legislation on certain designated subjects must of necessity result in uniformity as to those subjects which the Legislature may not delegate to subordinate bodies, but there is nothing

in the precise language or the necessary effect of the section under consideration which requires uniformity of regulation in respect to fees, percentages, and allowances of public officers, unless that be a non-delegable subject of legislation. The requirement is that the Legislature shall deal with the subject by general law only. The section must be construed in the light of principles which have always been accepted by the courts as having proper and wholesome operation within the constitutional limitations of our scheme of government. One such principle is that the Legislature may delegate certain subjects of the administrative function to local authorities which may exercise discretion in the premises to the wise end that the needs of the community may have ready recognition and be accommodated by the authoritative arrangements of local governmental agencies best acquainted with local conditions. It is on this principle that courts of county commissioners are allowed to exercise a limited legislative authority. As to subjects so delegable, there is no requirement of uniformity. So at last the question is whether the authority delegated by this act to the county board of education falls within the delegable powers of the Legislature. We are of opinion that it does, and that the provisions of the act must be made effective.

Counsel in their briefs have mooted the question whether the act of April 8, 1911, repealed some different provisions made by local acts for the compensation of the county superintendent of Jefferson county, but that question is not raised on the record before us, and we must decline to consider it.

Affirmed. All the Justices concur.