(95 South. 295)

## STATE ex rel. BOND v. STATE BOARD OF MEDICAL EXAMINERS. (3 Div. 594.)

(Supreme Court of Alabama. Jan. 4, 1923.)

1. **Constitutional law ⬥81—Regulation of professions justified by police power.**

The power of a reasonable regulation of professions or occupations rendering services to the public is justified under the police power.

2. **Constitutional law ⬥81—Proper limits of regulation of lawful professions or occupations stated.**

The prohibition or test in a regulation, under the police power, of a lawful profession or occupation rendering service to the public, should be with reference to the object to be attained, and should not unduly interfere with private business, or impose unusual or unnecessary restrictions.

3. **Physicians and surgeons ⬥1—State may regulate practice of medicine.**

A state may regulate the practice of medicine, using that word in its most general sense.

4. **Constitutional law ⬥62—Legislature may delegate to its appointed administrative agencies legislative discretion to make necessary minor rules and regulations.**

The Legislature, notwithstanding the implied limitation against delegation of the law-making power, may delegate to its own appointed administrative agencies legislative discretion as authority to make such minor rules and regulations as are necessary or appropriate for administration and enforcement of the general laws.

5. **Physicians and surgeons ⬥4—Rule of medical association as to qualification of applicant for certificate reasonable.**

Rule of state medical association, requiring applicant for examination for certificate of qualification to practice medicine to be a graduate of a medical college, requiring two years' college work for entrance, *held* reasonable exercise of the authority and discretion reposed in it by Code 1907, § 1627 et seq., recognizing its power to prescribe reasonable rules and regulations for examination, by declaring that applicants for license must conform to such rules and regulations.

6. **Physicians and surgeons ⬥4—Right to prescribe other qualifications for applicant to practice not denied by power to pass on moral qualification.**

The express grant by Code 1907, § 1628, of power to pass on moral qualification of applicant for certificate of qualification to practice medicine is not an implied denial of right to prescribe by rule other reasonable qualifications.

7. **Constitutional law ⬥206(4)—Privileges or immunities not abridged by prescribed qualification to practice medicine.**

No privilege or immunity guaranteed by Const. U. S. Amend. 14, is abridged by requirement that an applicant for certificate to practice medicine be a graduate of a medical college requiring two years' college work for admission.

8. **Constitutional law ⬥275(1)—Property right not taken without due process by prescribed qualification for practice of medicine.**

One is not deprived of her property right to earn a living in her chosen avocation or profession without due process of law, by a rule passed with legislative authority, requiring that an applicant for certificate to practice medicine be a graduate of a medical college, requiring two years college work for admission.

9. **Constitutional law ⬥238(1)—Equal protection not denied by rule as to qualifications to practice medicine.**

The equal protection of the law is not denied by a rule requiring an applicant for certificate to practice medicine to be graduate of a medical college requiring two years college work for admission.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Application by the State of Alabama, on the relation of Leonora Bond, for mandamus to the State Board of Medical Examiners. Demurrer to the answer was overruled, and relator took a nonsuit, and appeals. Affirmed.

Bowers, Dixon & Bowron, of Birmingham, for appellant.

By adoption of the Code of 1907, section 3262 of the Code of 1896 was omitted, and

---

prescribed the passage of an examination in certain subjects in lieu of the right of the State Medical Association to set the qualifications. Code 1907, §§ 1627–1631. Under the Code of 1907 there should be no discrimination between schools of medicine. Code 1907, §§ 1627–1631; 78 South. 308; 18 Ala. App. 21, 88 South. 371. Under the rule "expressio unius est exclusio alterius," the allowance by the Legislature of power to the Medical Association to pass on the moral qualifications of a candidate takes away the right to pass on other qualifications. Code, § 1628; 36 Cyc. 1122; 101 Ala. 193, 13 South. 768. Any deprivation of the right to practice a profession by unjust discrimination is unconstitutional, whether such discrimination be by Legislature or by committee ruling. 298 Ill. 304, 131 N. E. 809, 16 A. L. R. 703; 123 Ill. 227, 13 N. E. 201; 81 S. C. 414, 62 S. E. 695, 22 L. R. A. (N. S.) 735, 128 Am. St. Rep. 919, 16 Ann. Cas. 182; 288 Ill. 235, 123 N. E. 265; Const. Ala. 1901, § 6; Const. U. S. Amend. 14.

Harwell G. Davis, Atty. Gen., and James J. Mayfield, Sp. Asst. Atty. Gen., for appellee.

Counsel argue that the State Board of Medical Examiners has authority and power to make rules and regulations, and that the grant of such power is constitutional, citing 204 Ala. 455, 86 South. 28.

THOMAS, J. The application was to the circuit court for mandamus to the state board of medical examiners to compel that board and the members thereof to permit relator to register and make application for and to take the examination for a certificate of qualification to treat diseases of human beings or to practice medicine. Upon the coming in of the answer, relator's demurrer thereto was overruled, and she declined to plead further, and a nonsuit was taken with a bill of exceptions because of such adverse ruling.

The reason averred and assigned why the relator was not permitted to register and take the examination in question was that she was not a graduate of a medical college of the grade or class prescribed by the rule of the medical association of the state, as exhibited by the answer. These rules, so far as is pertinent, required that the class of applicant of which the relator was should be a graduate of a medical college which required two years' college work in addition to high school work—of a college having the facilities required by the rules and regulations of said medical association.

Appellant's counsel admit that under the Code of 1896 the medical association had the right to prescribe the standard of qualification for admission to practice medicine and "the method or system of practitioners of medicine." Sections 3261–3263, Code 1896;

Brooks v. State, 146 Ala. 153, 155, 41 South. 156.

There was enacted, and approved on August 9, 1907, a statute "to regulate the practice of medicine in the state of Alabama" (Acts 1907, p. 591) that was codified (Code 1907, § 1626 et seq.), that did not contain sections 3261, 3262, as the same was embodied in the Code of 1896. The medical association of the state, before relator's application thereto, had adopted the following qualifications, among others, of applicants for examination to practice medicine: (1) That the applicant must be a graduate of a class A or B medical college; or (2) a graduate from a medical college requiring two years' college work in addition to high school work as an entrance requirement; or (3) a graduate from a college having the certain teaching, laboratory, library, hospital, and dispensary facilities prescribed by the resolutions on eligibility of applicants for examination of date of July 12, 1920. The effect of the statute as it became a part of the Code of 1907 has been declared and applied in criminal cases. Williamson v. State, 16 Ala. App. 392, 78 South. 308; Gullatt v. State, 18 Ala. App. 21, 88 South. 371; Code 1907, §§ 1627–1646, 7564.

[1, 2] The power of a reasonable regulation of the professions or occupations where the services were to be rendered to the public is justified under the police power of government. Gray v. Conn, 159 U. S. 74, 15 Sup. Ct. 985, 40 L. Ed. 80; McNaughton v. Johnson, 242 U. S. 344, 349, 37 Sup. Ct. 178, 61 L. Ed. 352, 356, Ann. Cas. 1917B, 801; Dent v. W. Va., 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623; Meffert v. Packer, 195 U. S. 625, 25 Sup. Ct. 790, 49 L. Ed. 350; Smith v. Texas, 233 U. S. 630, 636, 34 Sup. Ct. 681, 58 L. Ed. 1129, 1132, L. R. A. 1915D, 677, Ann. Cas. 1915D, 420; Reetz v. Michigan, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; Watson v. Maryland, 218 U. S. 173, 30 Sup. Ct. 644, 54 L. Ed. 987; In re Lockwood, 154 U. S. 116, 14 Sup. Ct. 1082, 38 L. Ed. 929. In the exercise of this power, the prohibition or test contained in the statute, ordinance, or rule should be enacted, ordained, or adopted with reference to the object to be attained and as not unduly to interfere with private business, or impose unusual or unnecessary restrictions upon lawful occupations or professions. Smith v. Texas, supra; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385; N. C. & St. L. v. Alabama, 128 U. S. 96, 9 Sup. Ct. 28, 32 L. Ed. 352; Smith v. State, 124 U. S. 465, 8 Sup. Ct. 564, 31 L. Ed. 508, 513.

[3] In Dent v. West Virginia, supra, the statute upheld provided that no one except a licensed physician should be allowed to practice medicine, and that licenses should be issued by the state board of health only to those who were graduates of a reputable

medical college, or who had practiced medicine continuously for 10 years, or those who were found upon examination to be qualified to practice. Discussing the test of (a) competency or (b) conditions on which the licenses were issued by the state board of health, held, 10 years' experience accepted as proof of fitness, reasonable; that such experience was not made the sole test, in that the privilege of practicing that profession was attainable by all others who produced a diploma from a reputable medical college, or stood the required examination, showing that they were qualified for the performance of the duties of the profession as affecting those of the general public they might be called upon to serve. That is to say, it is established on unquestioned authority that a state may regulate the practice of medicine, using that word in its most general sense. McNaughton v. Johnson, 242 U. S. 344, 349, 37 Sup. Ct. 178, 61 L. Ed. 352, 356; Ann. Cas. 1917B, 801; Reetz v. Michigan, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; Hawker v. New York, 170 U. S. 189, 18 Sup. Ct. 573, 42 L. Ed. 1002; Watson v. Maryland, 218 U. S. 173, 30 Sup. Ct. 644, 54 L. Ed. 987; Collins v. Texas, 223 U. S. 288, 32 Sup. Ct. 286, 56 L. Ed. 439; Czarra v. Medical, etc., 25 App. D. C. 443; Lehmann v. State Board, etc., 208 Ala. 185, 94 South. 94.

[4] The Legislature may by statute delegate to agencies of government or officers thereof the authority to perform administrative functions, which the Legislature might perform, and may authorize such officers in such administration to exercise "legislative discretion." That is to say that—

"The implied limitation against the delegation of the lawmaking power was never intended to prevent Legislatures from authorizing their own appointed agencies to make such minor rules and regulations as are necessary or appropriate for the administration and enforcement of the general laws of the state." Parke v. Bradley, State Treasurer, 204 Ala. 455, 458, 86 South. 28, 31; State v. Montgomery et al., Excise Comm., 177 Ala. 212, 240, 59 South. 294; Ferguson v. Starkey, 192 Ala. 471, 68 South. 348; Fox v. McDonald, 101 Ala. 51, 69, 70;[1] Ex parte City of Birmingham, 199 Ala. 9, 14, 74 South. 51; McNeill, Supt., v. Sparkman, Treasurer, 184 Ala. 96, 99, 63 South. 977; Railroad Comm. v. Ala. North Ry. Co., 182 Ala. 357, 62 South. 749; Arver v. United States (Selective Draft Law Cases) 245 U. S. 366, 389, 38 Sup. Ct. 159, 62 L. Ed. 349, L. R. A. 1918C, 361, Ann. Cas. 1918B, 856; First Nat. Bank v. Fellows, 244 U. S. 416, 37 Sup. Ct. 734, 61 L. Ed. 1233, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169.

[5] We have examined carefully the statutes in question (Code 1907, § 1627 et seq.) as constituting the system provided by legislative sanction and authority, for the subject and objects in view, and are of opinion that the authority exercised by the medical society and its board of examiners was a reasonable exercise of the discretion and authority reposed in it and them by law. Neither the statute nor any provision of the Code attempted to deprive the medical association or its state board of examiners of any right or power to prescribe reasonable rules and regulations for the examination of applicants; and the statute and its codification recognize such authority and power by declaring that applicants for license must conform to such rules and regulations. Code 1907, §§ 1627, 1631. See, also, sections 1628, 1629, 1630, 1634.

[6] Nor is it, as insisted by appellant, that the allowance by the Legislature of the express power to pass on the moral qualification of applicants (section 1628, Code 1907; Hawker v. New York, 170 U. S. 189, 18 Sup. Ct. 573, 42 L. Ed. 1002), under the maxim of "expressio unius est exclusio alterius" (Co. Litt. 210 a), a denial to the medical association, or to its duly constituted boards, of the right to prescribe other reasonable rules, qualifications, or requirements governing the admission of applicants for the certificate of qualification to practice medicine and surgery. The history and purpose of the statutes regulating and safeguarding the practice of such professions, the importance of this branch of science, and the agency and duty of the state in relation thereto and to the general public to be served and affected thereby, require that a liberal construction be given the statutes having application to attain the purpose of the enactment. Parke v. Bradley, supra. This is done without violating fundamental or statutory rights.

[7-9] It is argued that such rule and regulation deprived the appellant, and those similarly conditioned, of their inalienable right, privilege, or immunity guaranteed by the federal Constitution. No right guaranteed to petitioner and relator under the Fourteenth Amendment to the federal Constitution has been abridged, nor has she been deprived of her property right to earn a living in her chosen avocation or profession without due process of law, nor does the reasonable regulation to which relator has been compelled to conform deny to her the equal protection of the law.

We are of opinion that the act of the medical society and its board of examiners was within legislative authority, and that the judgment of the circuit court was without error.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

[1] 13 South. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98.