35 So.2d 625

## STATE v. KEEL.

### 8 Div. 676.

Court of Appeals of Alabama.

June 1, 1948.

A. A. Carmichael, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for appellant.

Wm. C. Rayburn, of Guntersville, for appellee.

BRICKEN, Presiding Judge.

The appeal is by the State from the adverse ruling of the court wherein a demurrer was sustained to the complaint and warrant upon which appellee was arrested. The complaint and warrant were as follows:

"Complaint and Warrant of Arrest

The State of Alabama ⎱ County Court
Marshall County ⎰

Before me, H. W. Clayton, Judge of County Court, personally appeared Carl H. Lay who, by me being first duly sworn, deposes and says that there is probably cause for believing, and he does believe, that within twelve months before making this affidavit and in said county C. W. Keel did fish with a trotline in the public waters of Wheeler Reservoir at a distance closer than one-quarter mile from Guntersville Dam, contrary to the rules and regulations relating to Game, fish, sea-foods and fur-bearing animals for the 1946-1947 Season promulgated and published by the Director of Conservation for the State of Alabama by authority of Title 8 Sections 4, 17 and 21 of 1940 Code of Alabama, as amended, which said acts are prohibited by Section 7 of said regulations against the peace and dignity of the State of Alabama.

Carl H. Lay

Sworn to and subscribed before me, this 30 day of August, 1947.

H. W. Clayton, Judge County Court

The State of Alabama ⎱
Marshall County ⎰

To Any Lawful Officer of the State of Alabama—Greeting:

You are hereby commanded to arrest C. W. Keel, Grant, Alabama and bring him before me on the 2nd day of September, 1947, to answer the State of Alabama on charge of using a trotline with ¼ mile of Guntersville Dam contrary to Section 7 of Regulations relating to Game, Fish, Sea-foods and Fur-bearing Animals, promulgated by the Director of Conservation for the State of Alabama preferred by Carl H. Lay.

Witness my hand, this 30 day of August, 1947.

H. W. Clayton, Judge County Court."

But one question is presented; and that is, whether or not the Director of the State Department of Conservation can constitutionally promulgate a regulation which shall have the force and effect of law. The demurrer was based upon this ground.

■ The appellate courts of this State are firmly committed to the constitutional right of the Legislature to provide for the creation of administrative boards and commissions with authority to enact regulations and change them from time to time, and that a violation of them will be a criminal offense. Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; McElderry v. Abercrombie, 213 Ala. 289, 104 So. 671; Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872; State v. McCarty, 5 Ala.App. 212, 59 So. 543; Ferguson v. Commissioners' Court of Jackson County, 187 Ala. 645, 65 So. 1028; Bond v. State Board of Medical Examiners, 209 Ala. 9, 95 So. 295; Parke v. Bradley, 204 Ala. 455, 86 So. 28; Hill v. Cameron, 194 Ala. 376, 69 So. 636; Horn v. State, 17 Ala.App. 419, 84 So. 883; Reims v. State, 17 Ala.App. 128, 82 So. 576.

The pertinent regulations here involved are numbered 7 and 13. No. 7 reads as follows:

"Use of Trotline, Setline, or Snagline in Certain Areas Prohibited. No person shall take, catch or attempt to take or catch fresh water fish of any kind or species from any public waters of Alabama within one quarter of a mile of any lock or dam by use of a trotline, setline or snagline. Nothing in this regulation shall be construed to prohibit the taking or catching of fresh water fish by use of a rod and reel and common types of lures or artificial lures, flies or spoons used in bait casting or plug fishing or fly fishing."

Regulation 13, paraghaph 9 is as follows:

"No person shall use a hoop net, fyke net, gill net, fish trap, trammel net, seine, trot line or snag line closer than one-quarter mile of any dam in any of the reservoirs named in this regulation."

■ A careful consideration and study of the foregoing regulations disclose that they, in all respects, are reasonable, and also necessary. They are in line with and upon authority of the statutes passed by the legislature. General Acts 1943, p. 505, Code 1940, Tit. 8, § 21, which reads as follows:

"Promulgation of rules and regulations.—The director of conservation is authorized to make and promulgate such reasonable

rules and regulations not in conflict with the provisions of the game and fish laws as he may deem for the best interest of the conservation, protection, and propagation of wild game, birds, animals, fish, and sea foods, which rules and regulations shall have the effect of law; provided, however, that the director shall not have the right to make or promulgate any rules or regulations which will hamper industry or which will interfere with the opertaion of any industrial plant or plants or any industrial operation. The director of conservation shall not have the right to make or promulgate any rules or regulations which will hamper or interfere with the construction of dams built for impounding private waters as defined by the legislature or which will hamper or interfere with the catching, the marketing, the sale or resale, or buying of the fish crop or any fish caught or taken from private waters as defined by the legislature, or which will in any way hamper or interfere with the maximum development of private waters as a source of food, farm income, and recreation in the State of Alabama. The director shall publish in pamphlet form for general distribution all laws, together with such rules and regulations relating to game, birds, fish, furbearers, sea foods, and other matters over which such director has authority or supervision. Such pamphlet so published shall be received in evidence without further proof of such rules and regulations in any court of this State."

Also in accord and based upon the Act of the Legislature, General Acts, 1945, p. 408, Code 1940, Tit. 8, § 81 (1), which reads as follows:

"Section 1. That any person, firm, copartnership, association, or corporation engaged in the taking, killing, or capturing of commercial or non-game fish from the public fresh waters of the State of Alabama in reservoirs on streams having an effective drainage area of not less than 21,500 square miles above such reservoir or reservoirs may use in commercial fishing operations hoop and fyke nets, seines, gill nets, trammel nets, pound or trap nets, set lines, trotlines, and snaglines, and lawful fish traps. However, all such nets, setlines, trotlines, snaglines, and fish traps shall conform to the rules and regulations of the department of conservation covering same, who shall designate when, where, and how same shall be used, * * *."

The trial court's action in sustaining the demurrer to the complaint and warrant was erroneous, and the order and judgment of the court in discharging the defendant is reversed and the cause remanded for further proceedings in line with this opinion.

Reversed and remanded, with instructions.