JOSEPH MICALE et al., Suing on Behalf of Themselves and All Other Land Owners Similarly Situated Whose Properties Have Been Appropriated by

Defendants, Appellants, v. ROBERT L. RICE et al., Constituting the Commissioners of the Niagara Frontier State Park Commission, Respondents.— Order and declaratory judgment reversed on the law with costs to the appellants to abide the event and defendants' motion to dismiss the complaint denied, without costs. Defendants may have twenty days after service of notice of entry of the order herein within which to answer. Appeal from order denying plaintiffs' motion for resettlement dismissed, without costs, as academic. Memorandum: Where the complaint in an action for a declaratory judgment is dismissed on a motion under rule 106 of the Rules of Civil Practice for failure to state facts sufficient to constitute a cause of action, there can be no judgment declaring the rights of the parties. (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45.) We are of the opinion that the cause of action alleged in the complaint if established, is one entitling the plaintiff to relief by way of a declaratory judgment. We further think that, as a pleading, the complaint states facts sufficient to constitute a cause of action. After issue has been joined, the defendants may move for judgment. We are taking no position on the merits of the controversy. The defendants may have twenty days after service of notice of entry of the order herein within which to answer. In view of our decision, the appeal from the order denying plaintiffs' motion for resettlement becomes academic. All concur. (The order and declaratory judgment dismiss plaintiffs' complaint in an action to annul a resolution of defendant commission. The order denies plaintiffs' motion to resettle the previous order.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ. [See *post*, p. 972.]