83 So.2d 299

**MARSHALL COUNTY GAS DISTRICT, et al.,**

v.

**CITY OF ALBERTVILLE, et al.**

8 Div. 798.

Supreme Court of Alabama.

Nov. 10, 1955.

Maurice F. Bishop and Robt. S. Richard, Birmingham, and Mack Killcrease, Albertville, for appellees.

Starnes & Starnes, Scruggs & Scruggs and Marion F. Lusk, Guntersville, for appellants.

LAWSON, Justice.

This bill was filed in the Circuit Court of Marshall County, in Equity, by the City of Albertville, a municipal corporation; Floyd Brown, as vice-president and member of the Board of Directors of the Marshall County Gas District and as Mayor of the City of Albertville; and by Joe M. Davis, Robert Dickson, A. E. Childs, R. J. Chafin, and E. B. Adams, as members of the City Council of the City of Albertville, against the Marshall County Gas District, a public corporation; T. C. Crain and Woodrow Hinds, as members and Joe Starnes, as Secretary of the Marshall County Gas District.

The bill seeks injunctive and declaratory relief.

The respondents demurred to the bill as a whole and to each of its aspects; that is, grounds of demurrer were properly addressed to the bill as a whole, to the aspect seeking injunctive relief and to the aspect seeking a declaratory judgment.

The trial court sustained the demurrer of respondent Joe Starnes. As to the other respondents, a decree was rendered overruling their demurrer generally, without referring to the demurrer or grounds thereof addressed to the two aspects.

From that decree the respondents other than Joe Starnes have appealed to this court.

By separate assignments of error the appellants complain of the action of the trial court in overruling their demurrer to the bill as a whole and to each of the aspects to which their demurrer was addressed.

■ As we have heretofore shown, the trial court rendered a decree overruling appellants' demurrer generally, without referring to the demurrer or grounds thereof addressed to the separate aspects. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, the effect of such a decree was a ruling only on the demurrer to the bill as a whole. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751; Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347.

■ If either aspect of the bill asserts matter of equitable cognizance, the demurrer to the bill as a whole was properly overruled. Percoff v. Solomon, supra; Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

The case for declaratory relief made by the averments of the bill is substantially as hereafter set out.

On April 15, 1953, the cities of Albertville and Guntersville and the town of Arab, all in Marshall County, organized the Marshall County Gas District, under and pursuant to the provisions of Act No. 762, approved September 11, 1951, Acts of Alabama 1950–1951, Vol. 2, p. 1319, which provisions are included in the 953 Cum. Pocket Part to Vol. 6 of the 1940 Code of Alabama at pp. 258–267, as §§ 402(47)–402(66) of Title 37. We will sometimes hereafter refer to the Marshall County Gas District as the gas district and to the act approved September 11, 1951, supra, as the act.

Section 1 of the act reads:

"Authority To Incorporate Gas Districts. Any two or more municipalities are hereby empowered and authorized to cause to be organized and incorporated a gas district, as a public corporation, with all the power and authority hereinafter provided, for the purpose of securing for such municipalities a supply of natural or artificial gas and for the purpose of transporting gas and for the purpose of the local distribution and sale of gas and gas services in any one or more of such municipalities, or for any one or more of such purposes. Such power and authority shall be exercised by the governing body of each such municipality. The determination of such governing body to exercise the power and authority herein granted shall be evidenced by a resolution which shall declare the desirability of organizing and incorporating a gas district, name the municipalities which are to be members of such district, set forth a brief description of the gas system or systems to be owned and operated by such district, and authorize the mayor of such municipality to proceed with the organization and incorporation of such gas district. Whenever the governing bodies of all of the municipalities which are to be members of such gas district shall have adopted such resolutions, the chief executive officer of each such municipality shall sign the certificate of incorporation and cause the same to be filed as hereinafter provided."

During the negotiations leading up to and culminating in the organization of the gas district, "it was represented to and agreed with the City Council and people of the City of Albertville by the defendant and others interested in the project that the

principal office of said Gas District would be in the City of Albertville, Alabama and on the basis of such representation and agreement the City Council of Albertville, Alabama adopted a resolution authorizing the participation of the City of Albertville in said Gas District and its incorporation, without the adoption of which said resolution the City of Albertville would not have participated in or been a party to said project."

Section 3 of the act provides that the certificate of incorporation shall state, among other things, "the location of the principal office of the district and its post office address", and the certificate of incorporation of the gas district contains the following statement: "The location of the principal office of said district and its post office address are Albertville, Alabama."

The method for amending the certificate of incorporation is spelled out in § 3 of the act, but no effort has been made by the board of directors, the governing body of the gas district, to have the certificate of incorporation amended in the manner so specified.

On or about July 13, 1954, at a time when no office of the gas district had been constructed contracted or arranged for in the City of Albertville, a majority of the members of the board of directors, namely, the defendants T. C. Crain and Woodrow Hinds, voted to purchase a tract of land in the City of Guntersville on which to erect a building to house the office, records and personnel of the gas district, and also voted in favor of a resolution authorizing themselves, together with the secretary of the board of directors, Joe Starnes, to proceed with the purchase of a tract of land in the City of Guntersville on which to erect such a building. The complainant Floyd Brown, the other member of the board of directors of the gas district, opposed such action.

Paragraph 9 of the bill reads as follows:

"Plaintiffs aver that a justiciable controversy exists between the parties hereto which the plaintiffs seek to have determined by this Court under the provisions of Title 7 Sections 156–168 of the 1940 Code of Alabama in this:

"(a) Defendants contend that two members of the Board of Directors of the gas district have the right to purchase a tract of land and erect thereon a permanent building in the City of Guntersville, Alabama to house the principal office, personnel and records of said gas district notwithstanding the provisions of the Act, the certificate of incorporation, the Engineering report and the representations made to the City of Albertville during the negotiations culminating in the organization of the district.

"Plaintiffs contend that any land purchased or building erected thereon to house the principal office, personnel and records of the gas district must be located at Albertville, Alabama as specifically provided in the engineering report, the certificate of incorporation and as represented prior to the organization of the district.

"(b) Defendants contend that two members of the Board of Directors of the gas district can provide for the location of the principal office of the district and thereby, directly or indirectly amend the provisions of the certificate of incorporation at a special meeting of the Board of Directors of said gas district which was not called for any such purpose.

"Plaintiffs contend that the locations of the principal office of the gas district cannot be changed except by amendment of the certificate of incorporation in the manner specifically provided by Section 3 of the Act.

"(c) Defendants contend that two members of the gas district can authorize the purchase of land at Guntersville, Alabama and the expenditure of the public and trust funds of the gas district therefor at a special meeting without notice of such purpose.

"Plaintiffs contend that any such resolution cannot be adopted at a spe-

cial meeting unless prior notice is given of such purpose.

"(d) Defendants contend that a resolution authorizing the purchase of land and the erection of a permanent building thereon is not a resolution of a general or permanent nature.

"Plaintiffs contend that a resolution authorizing the purchase of land and the erection of a permanent building thereon is a resolution of a general or permanent nature.

"(e) Defendants contend that two members of the Board of Directors of the gas district can use all or a substantial part of the funds specifically earmarked in the engineering report and bond prospectus for the purchase of land and erection of the principal office of the gas district at Albertville, Alabama to purchase property and erect a building at Guntersville, Alabama when no offices have been erected or arranged for in Albertville.

"Plaintiffs contend that such funds must be used for the purposes for which they were specifically earmarked and on the basis of which bonds of the gas district were issued and sold."

The prayer of the bill reads in part as follows:

" * * * and that under the provisions of Title 7, Sections 156–168 Code of Alabama of 1940, as amended, your Honor will decree, declare and order that:

"(a) Any land purchased or building erected to house the principal office, personnel and records of the gas district must be located at Albertville, Alabama as specifically provided in the engineering report, the certificate of incorporation and as represented and agreed prior to the organization of the district.

"(b) The location of the principal office of the gas district cannot be changed except by amendment of the certificate of incorporation in the manner specifically provided by Section 3 of the Act.

"(c) No resolution providing for the acquisition of land or the erection of any building thereon can be adopted at a special meeting unless notice is given of such purpose.

"(d) A resolution authorizing the purchase of land or the erection of a permanent building thereon is a resolution of a general or permanent nature.

"(e) The funds specifically earmarked for the purpose of erecting a building at Albertville, Alabama must be used for that purpose and cannot be used for the acquisition of land or the erection of buildings in Guntersville, Alabama."

■ Controversies touching the legality of acts of public officials or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for declaratory judgment. Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273.

The averments of the instant bill show a controversy between the directors of the gas district, a public corporation, which involves a construction of the act. See § 157, Title 7, Code 1940.

By an amendment to § 167, Title 7, Code 1940, the legislature has provided that the remedy for declaratory judgment shall not be construed by any court as an unusual or extraordinary one, but shall be construed to be an alternative or cumulative remedy. See § 167, Title 7, Code 1940, as amended, 1953 Cum.Pocket Part, Vol. 2, p. 37; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Dozier v. Troy Drive In Theatres, 258 Ala. 417, 63 So.2d 368.

■ The City of Albertville became a member of the gas district by virtue of action taken by its governing body and we think the mayor and the members of the city council, in their official capacity, were proper parties complainant to the instant bill.

■ The bill, in our opinion, shows such an actual controversy as to support the jurisdiction of the trial court for a declaratory judgment, and hence we hold that the

trial court did not err in rendering a decree overruling the demurrer generally.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.