100 So.2d 29

**George JOHNSON et al.**

v.

**Howard YEILDING et al.**

6 Div. 159.

Supreme Court of Alabama.

Jan. 23, 1958.

Orzell Billingsley, Jr., and Oscar W. Adams, Jr., Birmingham, for appellants.

Huey, Stone & Patton, Bessemer, for appellees.

PER CURIAM.

This is an appeal by complainants from a decree of the circuit court, in equity, dismissing a bill of complaint which sought a declaratory judgment to adjudge an alleged justiciable controversy. The respondents are the personnel director and members of the personnel board of Jefferson County. The trial court dismissed the bill for want of power to adjudge the particular controversy as alleged in the bill.

Complainants allege in the bill that they are Negroes over the age of twenty-one years and are resident citizens of Birmingham, in Jefferson County, Alabama, and that respondents are respectively the director and members of the personnel board of said county, and hold their offices pursuant to Alabama state law. Code of 1940, pocket part, Title 62, sections 330(21), et seq.; Acts of 1945, page 376 (Act of July 6, 1945).

The bill of complaint alleges in paragraph 4 that complainants file this proceeding for a declaratory judgment under Title 7, section 156 of the Code of 1940 for the purpose of determining an actual controversy.

The particular question in controversy is alleged to be whether the practice of respondents in enforcing and maintaining the custom and usage by which complainants and other qualified Negroes are refused the right to take the competitive examination and qualify for the position of police patrolmen for the City of Birmingham solely because of race or color is unconstitutional as a denial of the equal protection of the laws as guaranteed by the Fourteenth Amendment of the Federal Constitution.

It is alleged in the 5th paragraph of the bill that the foregoing question is one of common and general interest to the members of the class represented by the complainants, namely, Negro citizens of the United States; and that they are residents of Jefferson County and of the State of

Alabama, who possess all of the qualifications which enable them to take the competitive examination for police patrolmen, and who have applied for permission to take said examination, and who possess none of the disqualifications. That members of this class are so numerous as to make it impracticable to bring them all before the court, and for that reason complainants prosecute this action in their own behalf and in behalf of the class.

In paragraph 6 of the bill it is alleged that the requirements for taking the competitive examination are as set out in exhibit "A" to the bill. In that exhibit which contains rules and regulations pertaining to applicants for examination for police patrolmen, it is provided that "applicants must be white, male and meet the following respective age, height and weight limits". The bill further alleges in said paragraph 6 that each of the complainants possess all of the qualifications set out in said rules including that of citizenship, age, height, weight and education, but that they are not white.

The bill further alleges that the respondents maintain a policy not to permit citizens having such qualifications to take the examination unless they are white and they thereby violate the Fourteenth Amendment to the Constitution of the United States.

It is further alleged in the bill that these complainants made application on August 20, 1956 to the director of personnel at the office of the personnel board, and offered to file application and present themselves for examination at the office of the personnel board on August 23, 1956, which was the day scheduled for such examination. In making said application complainants complied with the regulations of the board in every respect. On August 21, 1956 the director of personnel wrote letters to complainants, each separately, advising them that it was his duty under the law to determine whether the applicants possess all the entrance qualifications, and since they do not meet all of said requirements the money which had been forwarded by them as required was returned. On August 29;

1956 complainants wrote to the chairman of the personnel board stating that on August 20, 1956 they had been refused permission to take the examination for police patrolmen scheduled for August 23, 1956, and asked the board to rule on whether or not the action of the director was in accordance with the rules and regulations and sanctioned by the board. On August 30, 1956 the personnel director wrote to the complainants that the personnel board would not meet again until September 3, 1956. On September 5, 1956 the personnel director wrote to complainants stating that the board met on September 4, 1956 and upon consideration of their request confirmed the actions of the personnel director taken on August 20, 1956.

The bill repeated the allegation that in denying the applications of the complainants to take the examination on account of color, the personnel board violated complainants' rights under the Fourteenth Amendment of the Constitution of the United States.

In paragraph 10 of the bill it is alleged that on account of said wrongful act by the respondents the complainants had been damaged in the sum of $25,000, and had suffered irreparable injury by reason of the acts complained of, and that they have no plain, adequate and complete remedy to redress said wrongs and illegal acts other than this action for damages for a declaration of the rights and for an injunction, and that any other remedies to which complainants could be remitted would be attended by such uncertainties and delays as to deny substantial relief and would involve a multiplicity of suits causing further irreparable injury, damage and inconvenience.

The prayer of the bill was in accordance with those allegations. There was a motion by the respondents to dismiss the bill, not for want of equity which has been abolished (Equity Rule 14, Code 1940, Tit. 7 Appendix), but for want of jurisdiction to entertain the bill.

We do not find where this Court has considered a distinction between a motion to dismiss a bill for want of equity and a

motion to dismiss the bill because the court had no jurisdiction of the subject matter according to its allegations. But we think there is such a distinction.

The trial judge in rendering his judgment, dismissing this suit for want of jurisdiction, expressed an opinion setting forth the reasons for the conclusion which he reached. The first two reasons, so numbered by him, seem to apply the same principle of law: that is, that the respondents were not sued individually but as officers and that their official position and status were created by law, and that it is essentially making the State a party respondent in violation of section 14 of the State Constitution. The other theory which supported the judgment of the court is that there was no justiciable controversy then existing between the complainants and respondents, if there ever had been one in connection with this litigation, in that, it was more in the nature of a review of the action of the personnel director and personnel board than it was a justiciable controversy between them.

In view of our conclusion that the bill does not show a justiciable controversy, we find it unnecessary to determine whether the bill of complaint makes the State a party respondent in violation of section 14 of the State Constitution. With respect to that question we observe that this bill was filed October 15, 1956. The director of the personnel board had advised complainants by letter dated September 5, 1956 that on September 4, 1956 the board had affirmed the previous action of the director in regard to their application of August 20, 1956. That was a termination of such proceeding seeking an examination by complainants. It was adverse to complainants and was passed on by officers upon whom the law placed the duty to do so. That is the personnel board. In so doing the board acted judicially under section 139, Alabama Constitution of 1901. Ex parte Darnell, 262 Ala. 71, 76 So.2d 770.

It was held in Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582, that a declaratory judgment was not available to a motorist whose motor vehicle driver's license had been revoked by the director of the department of public safety to review the revocation by declaratory judgment on the ground that the evidence was insufficient to justify revocation. It is made very clear in that case that a declaratory judgment is not available to review the ruling of a board which has acted on a matter on which it is authorized by law to act: that the procedure cannot serve the purpose of a review of nisi prius action. Therefore, it was held that the court was without authority to entertain the bill. That is the status of the instant suit.

It results that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32 Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.