145 So.2d 799

**BOARD OF REGISTRARS OF RUSSELL COUNTY**

v.

**H. Ralph MATHEWS, Jr.**

4 Div. 29.

Supreme Court of Alabama.

Oct. 18, 1962.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellants.

Geo. D. Williams, J. Pelham Ferrell and Roy H. Phillips, Phenix City, for appellee.

LIVINGSTON, Chief Justice.

The Legislature of Alabama, Second Special Session 1955, passed Act No. 19 (p. 127), entitled "An Act Relating to Russell County: Providing for the reidentification of each qualified elector of Russell County; requiring the board of registrars to purge the list of registered voters; and providing a penalty for wilfully making a false statement in connection with reidentification."

Sections 1 and 2 of said Act are as follows:

"Section 1. The board of registrars in Russell County is hereby directed to purge all lists of the qualified electors in the county to the end that the names of all who are deceased or nonresidents of the county, or have otherwise been disqualified from voting therein, shall be removed from such lists, and to the end that the name of each qualified elector shall appear only on the list of qualified electors for the district and precinct in which he resides.

"Section 2. The board of registrars shall have authority to omit and re-

move from the lists of qualified electors in the county the name of any person who fails to reidentify himself or herself to the board of registrars in one of the ways hereinafter provided, prior to the first day of July, 1959; provided that no one who has registered as a qualified elector of the county since January 1, 1955, shall be required to reidentify himself or herself. Any person removed from the list of qualified electors, as herein provided, does not cease to be a qualified elector and shall not be subject to re-registration, but shall be subject only to the requirement that he or she reidentify himself or herself as a duly registered elector before being entitled to be listed on the list of qualified electors in the county."

This Act was approved March 23, 1955.

On May 16, 1955, the board of registrars commanded the Sheriff of Russell County to notify H. R. Mathews, Jr., that it proposed to strike his name from the registration list of said county and that the said H. R. Mathews, Jr., be required to appear before the board of registrars on the 31st day of May, 1955, and show cause why his name should not be stricken from such registration list.

On the 31st day of May, 1955, Mathews filed a suit in the Circuit Court of Russell County, in Equity, seeking to have the said Act No. 19 declared unconstitutional, and on that date obtained an injunction pendente lite restraining the board of registrars from proceeding to remove his name from the list of qualified voters of Russell County.

On June 2, 1955, the board of registrars filed a demurrer and answer to the bill of complaint. In the answer, the respondents allege:

"* * * The Respondents further aver that the notice hereinbefore referred to was given to the Petitioner by reason of his conviction in the Circuit Court of Russell County, Alabama, Criminal Division, in Case Number 3163 of the charge of 'Wilful Neglect of Duty' by the Petitioner while he was the duly elected, qualified and acting Sheriff of Russell County, Alabama, said conviction being had during the special term of the Circuit Court of Russell County, Alabama, during the Fall of 1954."

Nothing further was done in the cause until June 19, 1959, at which time the bill of complaint was amended and prayed for, in addition to the relief prayed for in the original bill, a declaratory judgment. Demurrers were refiled to the amended complaint.

On August 4, 1959, the court dismissed the bill of complaint ex mero motu on the theory that the Attorney General of Alabama had not been notified of the pending suit. A motion was made by Mathews, on August 10, 1959, to set aside the decree of dismissal and restore the case to the docket. The motion to set aside the decree was granted on September 3, 1959, and the case restored to the docket. The complaint was again amended on September 14, 1959, and the Attorney General notified of the pendency of said suit.

On October 19, 1959, the board of registrars answered the amended bill of complaint, but so far as here pertinent, it raised no new issues.

On November 25, 1959, the trial court entered its decree to the effect that Local Act No. 19, as enacted by the Legislature of the State of Alabama during the special session of the year 1955, is constitutional, and, further, that the conviction of H. Ralph Mathews, Jr., in Case 3163 of the Circuit Court of Russell County, Alabama, Criminal Division, on a charge of wilful neglect of duty, is not a conviction of such offense under Sec. 182, Article 8 of the Constitution of the State of Alabama, or under Title 17, Article 15, Code of Alabama 1940, or any other law or statute of the State of Alabama, as will disqualify him as an elector of the State of Alabama

and of Russell County, and the petitioner, H. Ralph Mathews, Jr., is at this time a qualified elector of Russell County, Alabama, and of the State of Alabama, and further enjoined the board of registrars from taking any further or additional action in any matter or proceeding now pending before said board regarding the qualification of H. Ralph Mathews, Jr., as an elector. In all other things, the injunction heretofore ordered by the trial court was dissolved.

From this decree, the Board of Registrars of Russell County, Alabama, appealed. There was no cross appeal. The board assigned the following alleged errors:

"1. The Court erred in ruling that a conviction on a charge of Wilful Neglect of Duty is not such an offense under Section 182, Article 8 of the Constitution of the State of Alabama or under Title 17, Article 15 of the Code of Alabama of 1940, or of any other law or statute of the State of Alabama, as will disqualify him as an elector of the State of Alabama and of Russell County.

"2. The Court erred in granting the appellee's motion to set aside its decree of dismissal for failure to perfect service upon the Attorney General of the State of Alabama.

"3. The Court erred in overruling the appellant's Motion to Strike the Appellee's Motion to Set Aside a Decree.

"4. The Court erred in its finding that a justiciable or actual controversy existed between the parties to as to grant to it the jurisdiction to enter a final decree of declaratory judgment therein.

"5. The Court erred by attempting to render a final decree in a matter where the pleadings disclose a complete lack of jurisdiction to render a declaratory judgment as to the appellee's

status as a registered voter of Russell County, Alabama.

"6. The Court erred by rendering any decree other than of dismissal for lack of jurisdiction to render a declaratory judgment in this cause."

It is axiomatic that assignments of error not argued in brief are thereby waived.

■ Assignment of error No. 1 is not mentioned in brief and is, therefore, waived.

■■ Assignments of error 2 and 3 are argued together in brief. As we see it, these two assignments of error raise the simple proposition that the trial court erred in setting aside the dismissal of the cause and allowing the complainant to amend his complaint and have service perfected on the attorney general. The argument is that the service on the attorney general came too late. The cause was dismissed on August 4, 1959, on the theory that the Attorney General of Alabama had not been notified of the pending suit. On August 10, 1959, the complainant moved to set this decree of dismissal aside and to restore the case to the docket.

We see no distinction between the motion to set aside the dismissal of the cause and a motion for a rehearing in said cause. The same rules apply. Equity Rule 62, Title 7, p. 1097. The decree of dismissal was still in the breast of the court, and the motion to set aside the decree of dismissal filed on August 10 was well within the 30 days within which the complainant could file such motion, and in fact, the decree setting aside the dismissal was entered on September 3, 1959. It was also within 30 days after the cause was dismissed. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Van Schaick, Supt. of Ins. of New York v. Goodwyn et al., 230 Ala. 687, 163 So. 327. There is no merit in these assignments of error.

Assignment of error No. 4 is not argued in brief and is, therefore, waived.

Assignments of error 5 and 6 are argued together. The argument is, as stated by appellant, that the "bill of complaint, as amended, fails to state a need for such relief as asked for by him, or which was under the jurisdiction of an equity court to render a declaratory judgment. Relief could have been had by appellee from either the board, or by an appeal to the circuit court, at law."

We take this argument to mean that appellee could have waited until the board of registrars removed his name from the list of qualified electors, and then appeal to the circuit court. In our opinion, complainant was not compelled to wait for the action of the board, but could file his action for a declaratory judgment before the board acted.

In Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273, 277, this Court said:

"Controversies touching the legality of the acts of public officials, or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for such declaratory judgment, styled in the act and in the authorities, the 'declaration.' Official action, done or threatened, challenged as unlawful, a usurpation of official power, whether lack of [official] authority appears in the terms of the statutes, or because of unconstitutionality thereof, are said to be determinable in this manner rather than force the parties to seek injunctive relief, which involves many questions going to the propriety of such relief."

There is no merit in these assignments of error.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.