198 So.2d 607

**E. W. GIBBS, Secretary, Board of Pharmacy, et al.**

v.

**R. W. COCHRAN et al.**

**I Div. 256.**

Supreme Court of Alabama.

Jan. 12, 1967.

Rehearing Denied May 5, 1967.

Mylan R. Engel, Mobile, for appellees.

Richmond M. Flowers, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., and Maury Friedlander, Mobile, for appellants.

**24**

LAWSON, Justice.

This is a declaratory judgment proceeding instituted in the Circuit Court of Mobile County, in Equity, by R. W. Cochran and others against E. W. Gibbs, Oscar Coley and Dan Dennis.

The complainants are engaged in or connected with the business of disbursing drugs in Mobile County. They are not registered pharmacists but "have performed the duties of a pharmacist acting under registered pharmacists and also independent of such." They have engaged "in this practice" for many years and were so engaged at the time this proceeding was instituted.

All of the respondents are sued in their individual capacities and as officials of the Board of Pharmacy of the State of Alabama, hereinafter referred to as the Board. E. W. Gibbs is the Secretary of the Board. Oscar Coley is the Board's enforcement officer and Dan Dennis is a member of the Board.

The purpose of the complainants was to obtain a declaration that Rule 23 of the Board, adopted on March 25, 1964, is "unconstitutional and unenforceable" in that it "attempts to abridge, modify, or be in contradiction to the law of the State of Alabama," particularly § 234, Title 46 of the 1940 Code.

The respondents filed an answer wherein they denied the material averments of the complaint and joined "in the prayer that the court take jurisdiction of the subject matter involved" but prayed that the court "uphold the constitutionality, legality and enforceability of Rule 23."

The trial court held Rule 23 to be unconstitutional and unenforceable in that it is, in effect, legislation and not simply a rule or regulation of the kind the Board is authorized to make by authority of § 223, Title 46, Code 1940.

From that decree the respondents below have appealed.

Despite the fact that they joined with the complainants, appellees, in requesting the court to pass on the validity of Rule 23, the respondents below, appellants, insist here that the decree of the trial court should be reversed because:

"It appears to be some controversy to whether or not a bill for declaratory judgment can be maintained in a situation such as this. It is our contention that the proper method of contesting rules of this nature would be by appealing any board action regarding enforcing the same to a court of proper jurisdiction, and attacking the constitutionality there."

In support of that assertion the appellants rely upon our holding in Johnson v. Yeilding, 267 Ala. 108, 100 So.2d 29. That case is not in point in that it involved an attempt on the part of Johnson and others to review a ruling of a board which had acted on a matter upon which it was authorized to act by law in a declaratory judgment proceeding rather than by appeal. In the *Johnson* case we followed our holding in Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582, to the effect that the procedure provided by the Declaratory Judgment Law cannot serve the purpose of a review of nisi prius action in lieu of an appeal. To like effect is our holding in Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752. See Alabama Public Service Commission v. A. A. A. Motor Lines, Inc., 272 Ala. 362, 131 So.2d 172.

But in this case there has been no prosecution of appellants and there is no judgment or order from which they could appeal.

■ We have said that controversies touching the legality of acts of public officials or public agencies challenged by parties whose interests are adversely affected is one of the favored fields for declaratory judgment. Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So.2d 299.

■ We construe the bill of complaint as showing that the interests of complainants, appellees, are adversely affected by Rule 23, although there is no allegation that the Board or any other agency or official had instituted proceedings against them wherein they are charged with a violation of said rule. Complainants were not compelled to wait for such action to be taken against them before instituting this proceeding. Board of Registrars of Russell County v. Mathews, 274 Ala. 73, 145 So.2d 799.

■ The bill of complaint, in our opinion, shows such an actual justiciable controversy as to support the jurisdiction of the trial court for a declaratory judgment. See Micale v. Rice, 274 App.Div. 963, 84 N.Y.S. 2d 811.

The assignment of error taking the point that the trial court erred in enjoining the respondents, appellants, "from doing acts which they have a right to do" is not argued in brief and will not be treated other than to say that we cannot understand why such an assignment of error was made. No injunction was ordered by the trial court.

The remaining assignments of error are to the effect that the trial court erred in declaring Rule 23 to be unconstitutional. Rule 23 reads in pertinent parts as follows:

"It is hereby declared by the Alabama State Board of Pharmacy, at its meeting held in Birmingham, Alabama, on March 25, 1964, that it shall be illegal for any person, persons, firm or corporation who holds a Registered Pharmacy Permit from this board, or any other person, persons, firm, or corporation, to compound and/or dispense prescriptions, or permit such to be done, unless:

"1. he or she is a pharmacist registered by this board.

"2. he or she holds a Bachelor of Science Degree in pharmacy from a school of pharmacy recognized by the Alabama State Board of Pharmacy and is serving his or her internship under the immediate and direct supervision of a pharmacist registered by the Alabama State Board of Pharmacy.

"3. he or she is enrolled in a school of pharmacy recognized by this board, working under the immediate and direct supervision of a pharmacist registered by this board, pursuing his or her education as a pharmacist."

■ The appellate courts of this state are firmly committed to the constitutional right of the legislature to provide for the creation of administrative boards and commissions with authority to enact regulations and change them from time to time and to provide that a violation of such rules and regulations will be a criminal offense. Most of the cases so holding are cited in State v. Curran, 220 Ala. 4, 124 So. 909; DeCarlo v. Jefferson County Board of Health, 274 Ala. 506, 150 So.2d 374; and State v. Keel, 33 Ala.App. 609, 35 So.2d 625.

The power or authority of the Board of Pharmacy to make rules and regulations comes from the provisions of § 223, Title 46, Code 1940, which reads:

"The board shall have a common seal and shall have power to make by-laws, rules and regulations for the proper performance of its duties and the duties of its officers and employees, and to carry out the provisions of this chapter. The board shall also have power to fix standards and requirements for pharma-

ceutical registration, except as otherwise specified."

■ The Board of Pharmacy in adopting rules and regulations must act within the standards thus declared and not legislate in any respect. Parke v. Bradley, 204 Ala. 455, 86 So. 28; State v. Friedkin, 244 Ala. 494, 14 So.2d 363; Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513.

Rule 23, supra, does not purport to fix standards of requirements for pharmaceutical registration and, therefore, is entirely different from the rule held valid in State ex rel. Bond v. State Board of Medical Examiners, 209 Ala. 9, 95 So.2d 295.

It cannot be justified on the theory that it enables the Board of Pharmacy and its officers and employees to carry out the provisions of Chapter 12 (§§ 214–257, Title 46, Code 1940).

In § 234, Title 46, Code 1940, which will be hereafter set out, the legislature has provided who may sell, compound and dispense drugs and medicine.

"§ 234. Who may sell, compound and dispense drugs and medicines; use of terms drug store, pharmacy, etc., prohibited unless registered pharmacist in charge.—It shall be unlawful for any person, firm, corporation, or co-partnership, to open or conduct a place of business, pharmacy, dispensary, drug store, apothecary shop, or store, in which drugs, medicines, or poisons are retailed, compounded and dispensed, or to stock, expose or offer for sale at retail any drugs, medicines, chemicals or poisons, except as otherwise specifically provided; or to use or exhibit the title 'drugs,' 'Drug store,' 'Drug shop,' 'Pharmacy,' or 'Apothecary,' or any combination of such words or titles, or any title or description of like import, or any other term

or terms designated to take the place thereof, without placing in active personal charge and on duty at all times during business hours except for temporary absences as defined and prescribed by the board of pharmacy at each place of business a pharmacist duly registered and licensed by the board of pharmacy of this state. It shall be unlawful for any firm, corporation, or place of business to advertise as pharmacists unless the owners thereof, of such places of business, are duly registered as pharmacists; provided, however, that the owners may advertise the fact that they have registered pharmacists in their employ."

It seems clear to us that under the provisions of § 234 of Title 46, supra, persons covered by Rule 23, supra, are permitted to sell, compound and dispense drugs and medicines when in the active personal charge of a registered pharmacist.

■ We are of the opinion that by the enactment of § 234, Title 46, supra, the lawmaking body has clearly evidenced a legislative intent to permit so-called non-registered pharmacists (persons affected by Rule 23, supra), to work under the supervision of a registered pharmacist and, consequently, we cannot say that § 223, Title 46, supra, should be construed as delegating to the Board of Pharmacy the authority to make illegal activities which are not prohibited by § 234, Title 46, supra. See the opinion of this court denying certiorari in the case of State v. Vaughan, 241 Ala. 628, 4 So.2d 9.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.