STEAGALL, Justice.
The plaintiff, Huntsville-Madison County Airport Authority (hereinafter “the Airport Authority”), sued for a declaratory judgment against the defendant, The Huntsville Times, a division of The Birmingham News Company (hereinafter “the Times”), pursuant to Ala.Code 1975, §§ 6-6-220 et seq. The Airport Authority alleged that the Times has printed articles challenging the Airport Authority’s right to meet in “executive sessions” with its attorneys concerning pending litigation. Specifically, the Airport Authority stated that the Times had accused it of conduct in violation of the “Sunshine Law,” Ala.Code 1975, § 13A-14-2. The Airport Authority’s complaint sought favorable answers to the following questions:
“(a) Whether [the Airport Authority] is an entity governed by the Alabama Sunshine Law, § 13A-14-2 of the Alabama Code.
“(b) If [the Airport Authority] is an entity governed by § 13A-14-2, whether said statute precludes [the Airport Authority] from privately meeting with its lawyers in executive session to discuss pending or foreseeable litigation.
*905 “(c) If § 13A-14-2 does apply to [the Airport Authority] and does preclude executive sessions, as aforesaid, whether said provision is violative of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution.”
The Times filed a timely motion to dismiss, asserting various grounds for dismissal, including the lack of a justiciable controversy, prohibition against advisory opinions, failure to join indispensable parties, and failure to state a claim upon which relief could be granted. The trial court held a hearing on the motion to dismiss on August 31, 1989. On October 6, 1989, it granted the motion, stating:
“This action is presented to the Court on motion of [the Times] to dismiss the action for failure of the complaint to state a claim upon which relief may be granted. The Court has been favored with excellent briefs by counsel for [the Airport Authority] and [the Times], The Court is of the opinion that the action is due to be, and the same is hereby, dismissed for failure of the complaint to state a claim upon which relief may be granted. The Court is aware of the standard to be applied and that a motion to dismiss under Rule 12(b)(6), A.R.Civ.P., should be granted only if it appears beyond doubt that the [Airport Authority] can prove no set of facts which would entitle it to relief. In this case, the Court is convinced that the [Airport Authority] can state no valid claim against the defendant, The Huntsville Times, and that further continuation of the action would not serve the parties.”
The Airport Authority appeals from that dismissal.
Both parties cite Wallace v. Burleson, 361 So.2d 554 (Ala.1978), as supporting their arguments. Wallace involved a declaratory judgment action filed by the Jefferson County Board of Cosmetological Examiners against the newly created Alabama State Board of Cosmetological Examiners, seeking an opinion as to whether the act creating the Alabama State Board abolished by implication the Jefferson County Board. The trial court granted the Alabama State Board’s motion to dismiss, premised upon the lack of a justiciable controversy. This Court affirmed, stating:
“Declaratory judgments are governed by §§ 6-6-220 [through] 6-6-232, Code of Ala.1975, and ARCP 57. Motions to dismiss are rarely appropriate in declaratory judgment proceedings. Such a motion does, however, serve one purpose, that of determining whether the bill states the substance of a bona fide justi-ciable controversy which should be settled. If no justiciable controversy exists when suit is commenced the trial court has no jurisdiction. In determining whether or not a justiciable controversy exists it must be kept in mind that, ‘ “The declaratory judgment statutes do not empower courts to decide moot questions, abstract propositions or to give advisory opinions, however convenient it might be to have the questions decided for the government of future cases.” ’ ‘Allegations which merely show that the plaintiff anticipates such a [justiciable] controversy may arise are not sufficient to invite judicial declaration of rights.’ ”
Wallace v. Burleson, 361 So.2d at 555-56 (citations omitted). See, also, Underwood v. State, 439 So.2d 125, 128 (Ala.1983).
As in Wallace v. Burleson, supra, we find that the complaint does not present a justiciable controversy but rather seeks an advisory opinion on whether the plaintiff is governed by Alabama’s “Sunshine Law” and, if so, to what extent. As Wallace v. Burleson says, anticipation of future litigation is insufficient to support a declaratory judgment action. The Airport Authority has presented no conflict that should be settled.
The Airport Authority cites a series of cases, Gibbs v. Cochran, 281 Ala. 22, 198 So.2d 607 (1967); Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11 (1947); Morgan v. Board of School Commissioners, 248 Ala. 22, 26 So.2d 108 (1946), in support of its position that a bona fide controversy exists. Those cases, however, are distinguishable from the present case, because they involved di *906 rect actions by various regulatory boards against parties “whose interests] [were] adversely affected.” Gibbs v. Cochran, 281 Ala. at 25, 198 So.2d at 608. Here, there are no pending criminal or civil actions, based on the “Sunshine Law,” against any of the Airport Authority’s board members as a result of the editorials published by the Times.
Our review of the Airport Authority’s complaint reveals no justiciable controversy. Therefore, we affirm the judgment dismissing the action.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.