The plaintiffs, Willie Madison Durham and Sandra Kay Durham, appeal from a summary judgment against them in a declaratory judgment action.
The Durhams borrowed $100,000 from the defendant, the Community Bank of Marshall County ("the Bank"). The Durhams obtained the loan in order to build a new house. On June 1, 1988, the Durhams borrowed an additional $32,079.15 from the Bank to complete the construction of the house. During the construction of the house, the Durhams maintained a checking account with the Bank in order to pay for construction expenses. The Durhams closed the construction checking account when the house was completed in August 1988.
In July 1988, the Durhams requested that the Bank convert the two construction loans to a permanent fixed-rate mortgage loan, and the Bank did so. The Bank alleges that as part of the consideration for the permanent mortgage loan, the Durhams orally agreed to maintain a checking account with the Bank. The Durhams deny that the Bank required them to maintain a checking account as part of the mortgage loan transaction. We note that maintaining a checking account was not a part of the written mortgage loan agreement.
When the Bank realized that the construction loan checking account had been closed, the president of the Bank contacted the Durhams and requested that they open another checking account. The Durhams did open another checking account in October 1988. However, in December 1988, the Durhams closed that checking account after a dispute with the Bank concerning an overdraft caused by certain checks.
On January 31, 1989, the president of the Bank wrote the following letter to the Durhams:
 "In view of the events that have taken place over the past few months it has become obvious that you have no intentions of maintaining a deposit relationship with our bank.
 "Due to the fact that you refuse to bank with us, we now demand the payoff of your real estate loan. The current payoff is $132,337.27. If the loan is not paid in full by February 28, 1989, we will be forced to turn the loan over to our attorney for collection."
The Durhams wrote a letter to the Bank on February 2, 1989, requesting an explanation for demanding immediate payoff of the loan. The Bank did not respond to the letter. The Durhams sued the Bank, demanding declaratory and injunctive relief. The Durhams also claimed money damages based on the tort of outrage; based on breach of contract and breach of an implied duty of good faith; and based on negligence, intentional infliction of emotional distress, invasion of privacy, and wanton and willful misconduct.
The Bank filed a motion for summary judgment on March 6, 1990. At the summary judgment hearing, the plaintiffs agreed to dismiss the claims alleging outrage and breach of an implied duty of good faith. The trial court entered a summary judgment in favor of the Bank on the claim of intentional infliction of emotional distress. The Bank refiled its motion for summary judgment on the remaining claims. On October 11, 1990, the trial court entered a summary judgment in favor of the Bank on the claims for declaratory relief, injunctive relief, and damages based on breach of contract, negligence, invasion of privacy, and wanton and willful misconduct.
The Durhams argue, among other things, that the trial court erred by failing to grant declaratory relief setting out the rights of both parties. We agree.
There must be a bona fide justiciable controversy in order to grant declaratory relief. Gulf South Conference v. Boyd,369 So.2d 553 (Ala. 1979). If no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction. *Page 836 Wallace v. Burleson, 361 So.2d 554 (Ala. 1978).
In the instant case, there is a bona fide justiciable controversy. The Bank demanded that the loan be paid in full because of the plaintiffs' failure to maintain a checking account with the Bank. Although the Bank has taken no further action toward foreclosing on the loan, demanding full payment of the loan created a justiciable controversy. In its letter, the Bank threatened the Durhams with legal action if the loan was not paid in full by February 28, 1989. The Durhams requested an explanation for demanding that the loan be paid in full, and they were not given one. We note that the Durhams are not in default on their payments on the note that is secured by the mortgage. The mortgage still exists, as does the possibility that the Bank will attempt to foreclose. Simply because the Bank has not foreclosed on the loan does not mean that there is no controversy.
We reverse the judgment and remand this case to the trial court for a determination of whether the Bank is entitled to demand full payment of the loan based on an alleged oral agreement to maintain a checking account.
As to the other issues presented on appeal, we find that the plaintiffs have failed to show that a genuine issue of material fact existed. Thus, we affirm the trial court's summary judgment on the claims for injunctive relief and the claims for damages based on breach of contract, negligence, invasion of privacy, and wanton and willful misconduct.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.