Dr. Edwin Bridges, in his official capacity as acting executive director of the Alabama Historical Commission, petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss the declaratory-judgment action filed against him by Dennis King. We grant the petition and issue the writ.
This case involves the Alabama Underwater Cultural Resources Act, § 41-9-290 et seq., Ala. Code 1975 ("the Act"). Under the Act, "cultural resources . . . are declared to be state cultural resources subject to the exclusive dominion and control of the State of Alabama." § 41-9-292(a) (emphasis added). "Cultural resources" are specifically defined, as follows:
 "All abandoned shipwrecks or remains of those ships and all underwater archaeological treasures, artifacts, treasure troves, or other cultural articles and materials, whether or not associated with any shipwreck, that are contained in or on
[lands under navigable waterways owned or controlled by the State of Alabama] and the sea within the jurisdiction of the state, and that have remained unclaimed for more than 50 years, excluding therefrom sunken logs, cants, and timber resources of any other type not associated as part of a shipping vessel, and are eligible for, or listed in, the National Register of Historic Places or the Alabama Register of Landmarks and Heritage."
§ 41-9-291(3) (emphasis added). The Act provides that "[c]ultural resources shall not be taken, damaged, destroyed, salvaged, excavated, or otherwise altered without a prior contract or permit obtained through the [Alabama Historical Commission, acting as the custodian of cultural resources for the State of Alabama]." § 41-9-292(b). *Page 191 
If a person "[i]ntentionally and knowingly removes, alters, disturbs, or destroys any cultural resource without the prior written authorization of the [Alabama Historical Commission] by permit or contract," that "person commits the crime of theft or disturbance of a cultural resource protected by the [Alabama Historical Commission]." § 41-9-297(a)(1). The "[i]ntentional and knowing theft or disturbance of a cultural resource having a value of less than one thousand dollars ($1,000) shall constitute a Class A misdemeanor." § 41-9-297(b). The "[i]ntentional and knowing theft or disturbance of a cultural resource with a value of one thousand dollars ($1,000) or more shall constitute a Class C felony." § 41-9-297(c).
 "[I]n all cases of arrest and conviction [for the crime of theft or disturbance of a cultural resource], all boats, instruments, and other equipment used directly in connection with the offenses are declared to be contraband and shall be seized and brought before the court having jurisdiction of the offense for proper disposal."
§ 41-9-298.
On November 22, 2004, Dennis King filed a declaratory-judgment action against Dr. Bridges in the Montgomery Circuit Court. In his complaint, King alleged that he is an Alabama citizen who "desires to scuba dive in the rivers of Alabama and to find and recover old bottles, Civil War artifacts, arrowheads and fossils from the past." He sought a declaration that §§ 41-9-291(3),41-9-297(a)(1), and 41-9-298 are unconstitutional. Specifically, his complaint alleged "that portions of the [Act] violate due process and as such are unconstitutional because the definition of cultural resources is vague, and that the provision regarding seizure and forfeiture of vehicles and/or equipment has no procedural due process safeguards whatsoever." King's brief in opposition to petition for writ of mandamus, at 2.
On January 25, 2005, Dr. Bridges filed a motion "to dismiss [King's] action for lack of subject matter jurisdiction due to the absence of a justiciable controversy." On May 20, 2005, the trial court denied the motion to dismiss, and Dr. Bridges then filed his petition for a writ of mandamus.
Mandamus review is available when the question presented is one of subject-matter jurisdiction.
 "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499
(Ala. 1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala. 2000)."
Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala. 2003) (emphasis added). "There must be a bona fide justiciable controversy in order to grant declaratory relief. If no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction." Durham v. Community Bank ofMarshall County, 584 So.2d 834, 835 (Ala. 1991) (citations omitted). Therefore, "if there is not a justiciable controversy, a motion to dismiss . . . should be granted." Harper v. Brown,Stagner, Richardson, Inc., 873 So.2d 220, 223 (Ala. 2003) (citation omitted).
This Court has distinguished a justiciable controversy from a controversy that is merely anticipated.
 "To be valid, a declaratory judgment must settle a `bona fide justiciable controversy.' Gulf South Conference v. Boyd, 369 So.2d 553, 557 (Ala. 1979).
 "`To be justiciable, the controversy must be one that is appropriate for *Page 192 
judicial determination. It must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment]. "A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded. . . ." Anderson, Actions for Declaratory Judgments, Volume 1, § 14.'
 "Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969) (emphasis added). `Thus, "[d]eclaratory judgment proceedings will not lie for an `anticipated controversy.'"' Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002) (quoting City of Dothan v. Eighty-Four West, Inc., 738 So.2d 903, 908
(Ala.Civ.App. 1999)) (emphasis added)."
Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003). Thus, the Declaratory Judgment Act, codified at §§ 6-6-220
through -232, Ala. Code 1975, does not "`"empower courts to decide . . . abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases."'" Bruner v. Geneva CountyForestry Dep't, 865 So.2d 1167, 1175 (Ala. 2003) (quotingStamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944
(Ala. 1994), quoting in turn Town of Warrior v. Blaylock,275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis added inStamps).
In determining whether King's complaint alleges a bona fide justiciable controversy, we "must accept the allegations of the complaint as true," and "must also view the allegations of the complaint most strongly in [King's] favor." Harper,873 So.2d at 223. Having done so, we conclude that King's complaint fails to allege a justiciable controversy between Dr. Bridges and King.
In his complaint, King does not specifically allege the existence of a justiciable controversy between Dr. Bridges and him. Indeed, the only hint of any alleged controversy is found in a single paragraph of the complaint, which states:
 "[King] desires to scuba dive in the rivers of Alabama and to find and recover old bottles, Civil War artifacts, arrowheads and fossils from the past. [King] asserts that [certain sections of the Act] are unconstitutional and effectively prevent all divers in the state from diving in the rivers of this state to search for and recover artifacts and evidence of our history."
For several reasons, however, these assertions do not state a justiciable controversy between Dr. Bridges and King.
According to his complaint, King may, at some unspecified time in the future, "scuba dive in the rivers of Alabama." If he does so, he may "find and recover" relics from a riverbed. Obviously, King's claim is not based upon a state of facts that has occurred, but, instead, is based upon a state of facts that may never occur. Thus, King's complaint actually alleges only an anticipated controversy for which a declaratory-judgment action will not lie.
The anticipatory nature of the alleged controversy is further revealed by the terms of the Act itself. The Act provides that the Alabama Historical Commission may issue "[r]ecreational diving permit[s] or contract[s]." § 41-9-294(c)(1). The intentional and knowing removal of a cultural resource is a criminal act only if it is done "without the prior written authorization of the [Alabama Historical Commission] by permit or contract." § 41-9-297(a)(1). In his complaint, King does *Page 193 
not allege that he has applied for a permit or contract or that the Alabama Historical Commission has denied him a permit or contract with terms and conditions acceptable to him. A present justiciable controversy cannot be premised upon the possibility that the Alabama Historical Commission may deny King a permit or contract in the future, or the possibility that King may be dissatisfied with the terms and conditions of a permit or contract that may be issued to him in the future.
Finally, while King apparently believes that he has a right "to find and recover" items from riverbeds in Alabama, his complaint does not identify, directly or indirectly, the source of any such right, and we are aware of none. See § 41-9-292(a) ("cultural resources . . . are declared to be state cultural resources subject to the exclusive dominion and control of the State of Alabama"). See also Bruner, 865 So.2d at 1174 (property "found embedded[, in whole or in part,] in the riverbed of a navigable waterway belong[s] to the State as the owner of the riverbed"). For all that appears from King's complaint, the property he may seek to recover is, in fact, the property of the State of Alabama.
For the foregoing reasons, Dr. Bridges has a clear legal right to an order dismissing the declaratory-judgment action filed against him by King. Thus, we grant Dr. Bridges's petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and LYONS, HARWOOD, STUART, and SMITH, JJ., concur.
SEE, BOLIN, and PARKER, JJ., concur in the result.