WOODALL, Justice
(dissenting).
I would vacate the judgment, dismiss the appeal, and dismiss the case. Consequently, I respectfully dissent.
“ ‘There must be a bona fide justiciable controversy in order to grant declaratory relief. If no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction.’ ” Ex parte Bridges, 925 So.2d 189, 191 (Ala.2005)(quoting Durham v. Community Bank of Marshall County, 584 So.2d 834, 835 (Ala.1991)). In the absence of subject-matter jurisdiction, the trial court can do *511 nothing other than dismiss the action, and any other action taken by it is void. Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008). Of course, it is well established that a void judgment will not support an appeal.
“ ‘[Underjinsured motorist coverage inures to a person St. Paul Ins. Co. v. Henson, 479 So.2d 1253 (Ala.Civ.App.1985) (citing State Farm Mut. Auto. Ins. Co. v. Jackson, 462 So.2d 346, 353 (Ala.1984)).” Peachtree Cas. Ins. Co. v. Sharpton, 768 So.2d 368, 371 (Ala.2000). However, when Safeway filed its declaratory-judgment complaint, it named as defendants only its insureds and did not name as defendants the only claimants for underinsured-motorist benefits — the estate of Keith Cooper and Johnnie Baker. Safeway did not allege the existence of any controversy between it and either named insured and could not have alleged that either named insured had any legal interest in the recovery of underinsured-motorist benefits by the nonparties. In the absence of parties with adverse legal interests, there was no justiciable controversy. See Bridges, 925 So.2d at 192.
LYONS and SMITH, JJ., concur.