Rel: February 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————

### SC-2024-0375

————————————

**Dalton Drug Co., Inc., and Hartford Pharmacy, LLC**

**v.**

**OptumRx, Inc.**

**Appeal from Geneva Circuit Court**
**(CV-22-900019 and CV-22-900020)**

COOK, Justice.

The plaintiff, OptumRx, Inc. ("OptumRx"), is a national pharmacy-benefits manager that provides pharmacy-related administrative services for various health and prescription-drug plans and insurance

programs. In 2015, Dalton Drug Co., Inc., and Hartford Pharmacy, LLC ("the Pharmacies"), entered into a series of contracts with OptumRx for similar services. Per the terms of those contracts, the parties agreed that any disputes that could not be resolved between them would need to be submitted to arbitration.

In December 2021, the Pharmacies provided written notice of disputes they had with OptumRx for alleged fraudulent pricing and reimbursement schemes. A few months later, the parties participated in a telephone call to discuss those disputes but were unable to reach a resolution. That same day, OptumRx filed in the Geneva Circuit Court complaints for a declaratory judgment to clarify (1) its rights and obligations under an arbitration provision in the parties' contracts and (2) that that provision was binding and enforceable, requiring the parties to arbitrate any future disputes between them.

Following additional filings and proceedings, and the consolidation of the actions, OptumRx moved for a summary judgment in its favor. It specifically asserted that, if the trial court did not enforce the arbitration provision in the parties' contracts, future litigation between it and the Pharmacies would be inevitable because the Pharmacies had expressed

an intent not to arbitrate the disputes between them. In their opposition to OptumRx's summary-judgment motion, the Pharmacies denied that they had refused to arbitrate their disputes with OptumRx and argued that OptumRx's motion was due to be denied because a justiciable controversy did not exist between them.

Following a hearing, the trial court entered a summary judgment in favor of OptumRx and declared that the parties must arbitrate any future disputes between them pursuant to their contracts. The Pharmacies now appeal.

Because a justiciable controversy did not exist between the parties, the trial court lacked subject-matter jurisdiction over the actions, rendering the trial court's summary judgment in favor of OptumRx void. Therefore, we reverse the trial court's judgment and remand the actions to the trial court, with instructions to dismiss.

Facts and Procedural History

I. The Contracts Between the Pharmacies and OptumRx

As stated previously, in 2015 the Pharmacies entered into a series of individual contracts -- the "Provider Agreements" and the "Provider Manuals" -- with OptumRx to participate in OptumRx's pharmacy-

provider network.

As relevant here, the Provider Manuals included an arbitration provision. That provision required all disputes, including, but not limited to, questions of arbitrability, formation, validity, and scope, as well as questions regarding the interpretation of the various contracts or the breach of thereof, to be resolved exclusively by binding arbitration administered by the American Arbitration Association ("AAA"), in accordance with AAA's rules and procedures.

The arbitration provision also set forth certain procedural requirements that had to be satisfied before arbitration could be initiated by either party.

First, that provision required that the "<u>party asserting the Dispute shall provide written notice to the other party identifying the nature and scope of the Dispute</u>." (Emphasis added.)

Second, that provision provided that "[i]f the parties are unable to resolve the Dispute within thirty (30) days after such notice is provided, then <u>either party may request … a … telephone conference to resolve the Dispute</u>." (Emphasis added.)

Third, that provision stated that "the party wishing to pursue the

4

Dispute must initiate the arbitration within one (1) year after the date on which written notice of the Dispute was given or shall be deemed to have waived its right to pursue the Dispute in any forum."

II. Communication Regarding the Pharmacies' Disputes

Per the terms of the arbitration provision, counsel for the Pharmacies sent OptumRx a letter in December 2021 titled "Notification of Dispute on Behalf of Independent Pharmacies," on behalf of the Pharmacies as well as over 500 other independent pharmacies participating in OptumRx's pharmacy-provider network. That letter stated: "We represent the Pharmacies … and are writing to provide a written notice of disputes these Pharmacies have with your client, OptumRx Inc.'s … practices and procedures." (Emphasis added.) After outlining their concerns regarding OptumRx's pricing and reimbursement schemes, the Pharmacies concluded their letter by stating that "[i]f [OptumRx] has any interest in resolving these disputes, please let [the Pharmacies] know within 30 days of this letter." (Emphasis added.)

Pursuant to the terms of the arbitration provision, on March 29, 2022, the Pharmacies and OptumRx, along with their counsel,

5

participated in a telephone-conference call to discuss the disputes outlined in the Pharmacies' December 2021 letter. According to OptumRx, during that telephone call, counsel for the Pharmacies "stated that [the Pharmacies] did not agree to arbitration and intended to litigate the parties' disputes in court." The Pharmacies assert, however, that they did not refuse to arbitrate but instead stated that they believed that the arbitration provision was unconscionable and should be reviewed by a court.

### III. The Underlying Declaratory-Judgment Actions

After the telephone call concluded, OptumRx filed 18 actions in Alabama. Among those 18 actions, OptumRx filed one action against each of the Pharmacies in the Geneva Circuit Court.[1] Those actions were later

---

[1]At least 12 of the actions filed in Alabama were dismissed for lack of a justiciable controversy. See OptumRx, as successor by merger to Catamaran Corp. v. Star Discount Pharmacy, Inc., CV-2022-90364.00, CV-2022-900366.00 & CV-2022-900367.00 (Madison Cnty. Cir. Ct., Apr. 18, 2023); OptumRx, as successor by merger to Catamaran Corp. v. Parrish Inc., CV-2022-900087.00 (Marshall Cnty. Cir. Ct., Mar. 30, 2023); OptumRx, as successor by merger to Catamaran Corp. v. Troy Pharmacy LLC, CV-2022-900044.00 (Pike Cnty. Cir. Ct., July 14, 2023); OptumRx, as successor by merger to Catamaran Corp., et al. v. Abbeville Pharmacy LLC, CV-2022-900020.00 (Henry Cnty. Cir. Ct., Feb. 28, 2023); OptumRx, Inc. v. Parks Pharmacy, Inc., CV-2022-900132.00 (Etowah Cnty. Cir. Ct., Mar. 3, 2023); OptumRx, Inc. v. Parks Pharmacy, Inc., CV-2022-900381.00 (Montgomery Cnty. Cir. Ct., Mar. 7, 2023); OptumRx, as

consolidated for trial at the request of the parties.

In both actions, OptumRx alleged:

"A dispute has arisen between the parties. Under their agreements, the parties not only agreed to arbitrate all disputes at issue here, but delegated to an arbitrator any questions as to the arbitrability of their disputes. The parties agreed to submit to binding arbitration before the American Arbitration Association."

Accordingly, pursuant to the Alabama Declaratory Judgment Act, §§ 6-6-220 through -232, Ala. Code 1975, OptumRx asked the trial court to "enter an Order clarifying the rights, duties, and obligations of the parties under the Provider Manual" and to also enter an order "declaring that [the Pharmacies are] obligated to arbitrate the parties' disputes

_____

successor by merger to Catamaran Corp., et al. v. PVEL, LLC, CV-2022-9000383.00 (Montgomery Cnty. Cir. Ct., Mar. 7, 2023); OptumRx, as successor by merger to Catamaran Corp., et al. v. Montgomery Drug Co., Inc., CV-2022-900382.00 (Montgomery Cnty. Cir. Ct., Mar. 7, 2023); OptumRx, as successor by merger to Catamaran Corp., et al. v. Star Discount Pharmacy Inc., et al., CV-2022-90364.00, CV-2022-900366.00 & CV-2022-900367.00 (Madison Cnty. Cir. Ct., Apr. 18, 2023); OptumRx, as successor by merger to Catamaran Corp., et al. v. Montgomery Drug Co., Inc., CV-2022-900048.00 (Autauga Cnty. Cir. Ct., June 18, 2023); OptumRx, Inc. v. Montgomery Drug Co., Inc., CV-2022-900069.00 (Elmore Cnty. Cir. Ct., June 18, 2023); and OptumRx, Inc. v. Opp Pharmacy, Inc., CV-2022-900035 (Covington Cnty. Cir. Ct., Feb. 14, 2023). Neither party explains what occurred in the remaining four actions.

related to OptumRx's reimbursements for prescription drugs pursuant to the arbitration agreements" in the Provider Manuals.

On December 13, 2022, the Pharmacies filed a motion to dismiss. In their motion, the Pharmacies argued, among other things, that OptumRx's declaratory-judgment actions were not based on a ripe, justiciable controversy between the parties. Relying on caselaw from our Court in which we recognized that "anticipation of future litigation is insufficient to support a declaratory judgment action," Huntsville-Madison Cnty. Airport Auth. v. The Huntsville Times, a Div. of the Birmingham News Co., 564 So. 2d 904, 905 (Ala. 1990) (emphasis omitted), the Pharmacies noted that, at the time OptumRx filed its actions, "no lawsuit [had] been filed by [them] against [OptumRx]." Rather, the Pharmacies noted that, at that point, they had "merely sent a letter notifying [OptumRx] about a potential dispute" and that "nothing further [had] been done."

The Pharmacies further argued that OptumRx's request for an order clarifying the parties' rights, duties, and obligations under the arbitration provision in the Provider Manuals was nothing more than a request for an advisory opinion, which, they noted, our Court has

repeatedly held is not the intended purpose of a declaratory-judgment action. Accordingly, the Pharmacies argued that OptumRx's declaratory-judgment actions against them were due to be dismissed.

In its opposition to the Pharmacies' motion, OptumRx argued, among other things, that a ripe, justiciable controversy did exist between the parties because, it said, the Declaratory Judgment Act authorizes courts to "declare rights, status, and other legal relations," § 6-6-222, Ala. Code 1975, even "where there is no 'suit or proceeding' pending." Relying on this Court's decision in Harper v. Brown, Stagner, Richardson, Inc., 873 So. 2d 220, 225 (Ala. 2003), OptumRx argued that, although the Pharmacies had not commenced any litigation, a lawsuit was nonetheless "inevitable" based on the surrounding circumstances and, thus, that OptumRx was not required to wait until the Pharmacies sued it to have its rights and obligations determined.

The trial court denied the Pharmacies' motion to dismiss without explanation.

IV. OptumRx's Motion for a Summary Judgment

Eventually, OptumRx filed a motion for a summary judgment in which it reiterated that it had brought the underlying actions "seeking a

9

declaratory judgment that [the Pharmacies'] dispute with [it] concerning prescription drug reimbursements must be arbitrated in accordance with the parties' arbitration agreements." According to OptumRx, because the Pharmacies had not demonstrated that the arbitration provision was unenforceable, their disputes were "due to be arbitrated pursuant to their arbitration agreement[]." OptumRx argued that, therefore, the trial court should enter a summary judgment in its favor and should "issue a declaration that the parties' disputes are to be arbitrated in accordance with the parties' agreements."

In support of its motion, OptumRx attached several affidavits, including one from Michael Holecek, one of its attorneys. According to Holecek, during the telephone call in March of 2022, his colleagues informed the Pharmacies of their obligation to arbitrate their disputes, but, he claims, the Pharmacies' "counsel stated that [the Pharmacies] did not agree to arbitration and intended to litigate the parties' disputes in court."

In their opposition to OptumRx's motion, the Pharmacies denied that they had refused to arbitrate their disputes with OptumRx. They also argued that a justiciable controversy did not exist between the

Pharmacies and OptumRx because OptumRx had failed to commence arbitration as required by the arbitration provision in the Provider Manuals and, instead, had "filed over 320 Petitions/Complaints for Declaratory Judgment." Accordingly, the Pharmacies argued that OptumRx was not entitled to a summary judgment in its favor.

Following additional filings and a hearing on June 21, 2023, the trial court entered a summary judgment in favor of OptumRx and ordered the parties to arbitrate their disputes in accordance with the arbitration provision in the Provider Manuals. The Pharmacies now appeal.

## Standard of Review

The Pharmacies are appealing the summary judgment entered in favor of OptumRx. It is well settled that

> "[w]e review a summary judgment de novo. Potter v. First Real Estate Co., 844 So. 2d 540, 545 (Ala. 2002) (citing American Liberty Ins. Co. v. AmSouth Bank, 825 So. 2d 786 (Ala. 2002)).
>
>> "'"We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence

11

creating a genuine issue of material fact. 'Substantial evidence' is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw."'

"844 So. 2d at 545 (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So. 2d 369, 372 (Ala. 2000)) (citations omitted).

"Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P."

Hooper v. Columbus Reg'l Healthcare Sys., Inc., 956 So. 2d 1135, 1139 (Ala. 2006).

## Discussion

On appeal, both sides reassert many of the same arguments that they raised in their filings in the trial court. Among those arguments is whether a ripe, justiciable controversy existed between OptumRx and the Pharmacies at the time OptumRx filed its declaratory-judgment actions and, thus, whether the trial court's summary judgment in OptumRx's favor was proper. The Pharmacies argue that OptumRx effectively

12

sought an advisory opinion as to anticipated future litigation, which does not present a justiciable controversy under the Declaratory Judgment Act. In response, OptumRx argues that the Pharmacies' refusal to arbitrate their disputes pursuant to the terms of the arbitration provision in the Provider Manuals created a justiciable controversy between them and, thus, that the summary judgment in its favor is due to be affirmed.

Initially, we note that "Alabama cases often address ripeness in the context of whether a case is justiciable, or appropriate for judicial review." Ex parte Riley, 11 So. 3d 801, 806 (Ala. 2008). "'"[J]usticiability is jurisdictional."'" Bedsole v. Goodloe, 912 So. 2d 508, 518 (Ala. 2005) (citations omitted). In other words, "[i]f no justiciable controversy exists when the suit is commenced, then the court lacks jurisdiction" to take any action in that case. Durham v. Community Bank of Marshall Cnty., 584 So. 2d 834, 835 (Ala.1991). Our Court has previously recognized that a controversy that is merely "anticipated" is not one that is "justiciable." See Ex parte Bridges, 925 So. 2d 189, 191-92 (Ala. 2005). If any action is taken by a trial court under such circumstances, then that action is void. See University of S. Alabama Med. Ctr. v. Mobile Infirmary Ass'n, 89 So. 3d 735, 741-42 (Ala. 2011).

13

As stated previously, OptumRx filed its complaints against each of the Pharmacies pursuant to the Declaratory Judgment Act. Our Court has previously emphasized that a declaratory-judgment action requires only that there be "'"a bona fide justiciable controversy."'" Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So. 2d 285, 288 (Ala. 2002) (quoting Gulf S. Conf. v. Boyd, 369 So. 2d 553, 557 (Ala. 1979)). In other words, the controversy must be "'definite and concrete,'" must be "'real and substantial,'" and the party seeking relief by asserting a claim opposed to the interest of another party "'"upon a state of facts which must have accrued."'" Baldwin Cnty. v. Bay Minette, 854 So. 2d 42, 45 (Ala. 2003) (quoting Copeland v. Jefferson Cnty., 284 Ala. 558, 561, 226 So. 2d 385, 387 (1969)).

This justiciability requirement is consistent with one of the purposes of the Declaratory Judgment Act, which "is to render practical help in ending a controversy that has yet to reach the stage where legal relief is immediately available and to enable parties between whom an actual controversy exists or those between whom litigation is inevitable to have the issues speedily determined when a speedy determination would prevent unnecessary injury caused by the delay of ordinary

judicial proceedings." <u>Harper</u>, 873 So. 2d at 224 (citing <u>Ex parte State ex rel. Lawson</u>, 241 Ala. 304, 307, 2 So. 2d 765, 767 (1941)). Stated another way, declaratory-judgment actions are designed to set controversies to rest before they lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs. <u>Id.</u> <u>See</u> <u>also</u> <u>Berman v. Wreck-A-Pair Bldg. Co.</u>, 234 Ala. 293, 298, 175 So. 269, 274 (1937).

However, our Court has made clear that "[t]he Declaratory Judgment Act … is not a vehicle for obtaining legal advice from the courts" and "'"does not '"empower courts to … give <u>advisory opinions</u>, however convenient it might be to have these questions decided for the government of future cases."'"'" <u>Etowah Baptist Ass'n v. Entrekin</u>, 45 So. 3d 1266, 1274 (Ala. 2010) (citations omitted).

Finally, although this Court has explained that "a party should not be forced to wait until the event giving rise to the claim occurs before a court may determine the party's rights and obligations," we have also held that "[a] declaratory-judgment action will not lie for an <u>anticipatory claim</u>." <u>Harper</u>, 873 So. 2d at 224 (citing <u>Creola Land Dev., Inc.</u>, 828 So. 2d at 288) (emphasis added); <u>Huntsville-Madison Cnty. Airport Auth.</u>, 564 So. 2d at 905 ("[A]nticipation of future litigation is insufficient to

support a declaratory judgment action." (emphasis omitted)). While the filing of a legal action is not a prerequisite to the existence of a justiciable controversy, "an individual's legal rights [must have been] frustrated or affected" for a controversy to be "inevitable" and, thus, "justiciable." Harper, 873 So. 2d at 225.

First, we note that the record reflects that, in its complaints against each of the Pharmacies, OptumRx alleged, among other things, that

> "[a] real, bona fide controversy exists, as defined by [the Declaratory Judgment Act, see] Alabama Code § 6-5-220 (1975), et seq., between the parties with regard to whether [the Pharmacies are] obligated to arbitrate the parties' disputes related to OptumRx's reimbursements for prescription drugs under the arbitration agreements in the Provider Manual …."

Accordingly, OptumRx asked the trial court to "enter an Order clarifying the rights, duties, and obligations of the parties under the Provider Manual" and to also enter an order "declaring that [the Pharmacies] are obligated to arbitrate the parties' disputes related to OptumRx's reimbursements for prescription drugs pursuant to the arbitration agreements" in the Provider Manuals.

However, the record reflects that, before the filing of the underlying actions, the Pharmacies had merely sent a letter notifying OptumRx

16

about potential disputes regarding its pricing and reimbursement schemes. That letter was sent in accordance with the terms of the arbitration provision in the Provider Manuals, which made clear that the "party asserting the Dispute shall provide written notice to the other party identifying the nature and scope of the Dispute." (Emphasis added.)

That provision also provided that "[i]f the parties are unable to resolve the Dispute within thirty (30) days after such notice is provided, then either party may request … a … telephone conference to resolve the Dispute." (Emphasis added.) It is undisputed that, in March 2022, the parties participated in a telephone-conference call, with their counsel, to discuss the disputes outlined in the Pharmacies' December 2021 letter. According to OptumRx, during that telephone call, the Pharmacies' counsel "stated that [the Pharmacies] did not agree to arbitration and intended to litigate the parties' disputes in court."

OptumRx relies heavily on this assertion in support of its argument on appeal that litigation between the parties was inevitable when it filed its declaratory-judgment actions below and, thus, that a justiciable controversy existed between them. However, even if we assume that the Pharmacies did not want to arbitrate their disputes with OptumRx at

17

that time, as our caselaw above makes clear, "an individual's legal rights [must have been] frustrated or affected" for a controversy to be deemed "inevitable" and, thus, "justiciable." Harper, 873 So. 2d at 225.

OptumRx contends that, because the Pharmacies have refused to arbitrate their disputes, its rights have necessarily been "frustrated or affected." However, there is nothing in the record before us that suggests that, between the time the parties ended their telephone call in March 2022 and the time that OptumRx filed its declaratory-judgment actions on that same day, OptumRx's rights had in any way been "frustrated or affected" or that the Pharmacies' alleged intention to litigate their disputes in court was "inevitable."

Moreover, pursuant to the terms of the parties' contracts, the Pharmacies had up to a year -- or until December 2022 -- to decide whether they wanted to pursue their disputes. Specifically, the record reflects that the arbitration provision in the Provider Manuals stated that "the party wishing to pursue the Dispute must initiate the arbitration within one (1) year after the date on which written notice of the Dispute was given or shall be deemed to have waived its right to pursue the Dispute in any forum." Accordingly, OptumRx's rights had

18

not yet been "frustrated or affected" and litigation was not "inevitable" at the time it filed its declaratory-judgment actions below. Thus, there was no justiciable controversy between OptumRx and the Pharmacies when OptumRx filed its actions.[2]

### Conclusion

Because there was no justiciable controversy between the parties, the trial court did not have subject-matter jurisdiction over the actions. As a result of this jurisdictional defect, the trial court's summary judgment in favor of OptumRx is void. A void judgment will not support an appeal. Accordingly, we reverse the trial court's summary judgment in favor of OptumRx and remand the actions with the instructions that the trial court vacate its judgment and dismiss the actions, without prejudice.[3]

---

[2]We need not decide today whether a lawsuit seeking purely declaratory relief regarding a dispute-resolution procedure could ever be justiciable before any action on the merits has been filed.

[3]Given our resolution of this appeal, we pretermit discussion of the remaining issues raised on appeal by the parties. See Johnson v. Ellis, 308 So. 3d 1, 3 n.3 (Ala. 2020) (citing Favorite Market Store v. Waldrop, 924 So. 2d 719, 723 (Ala. Civ. App. 2005), for the proposition that this Court would pretermit discussion of further issues given the dispositive nature of another issue).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Stewart, C.J., and Shaw, Wise, Bryan, Sellers, Mendheim, Mitchell, and McCool, JJ., concur.